# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2233 | **DATE** | 3/20/2012 |
| **CASE TITLE** | Norem vs. Lincoln Benefit Life Co. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion [60] for summary judgment is granted. Defendant's motion to strike [139] is denied as moot.

*Philip G. Reinhard*

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

## STATEMENT - OPINION

　　Plaintiff, Dennis G. Norem, M.D. brings this putative class action on behalf of himself and all other similarly situated against defendant Lincoln Benefit Life Co. Plaintiff alleges defendant breached the terms of an insurance policy it sold him by including costs in calculating the cost of insurance rates ("COI") for the policy beyond the costs allowed to be included in the COI rates by the policy language. Jurisdiction is premised on 28 U.S.C. § 1332 (d)(2). Defendant moves [60] for summary judgment and to strike [139] certain testimony offered by plaintiff in opposition to summary judgment.

　　The policy language in question is as follows: "The cost of insurance rate is based on the insured's sex, issue age, policy year, and payment class. The rates will be determined by us, but they will never be more than the guaranteed rates shown on Page 5." It is undisputed the rates never exceeded "the guaranteed rates shown on Page 5" and, in fact, the COI rate scale is the same today as the one that was in effect when plaintiff purchased his policy. Plaintiff's COI rate scale has never gone up.

　　It is also undisputed that defendant considered numerous factors beyond the insured's sex, issue age, policy year, and payment class in setting the COI rates. These other factors include such things as anticipated death benefit costs, expected policy lapse rates, expected premium persistency, investment earnings assumptions, expenses, including agent commissions, acquisition and maintenance expenses, taxes, policy size and expected distributions of business by age, sex and payment class. Defendant argues these factors were properly considered because the contract language ("based on the insured's sex, issue age, policy year, and payment class") does not mean "limited to" or "exclusively based on" the insured's sex, issue age, policy year, and payment class. It also argues that the statement "[t]he rates will be determined by us, but they will never be more than the guaranteed rates" allows it to use any COI rate so long as that rate does not exceed the guaranteed rate. Plaintiff contends the policy language limits defendant to considering only the insured's sex, issue age, policy year, and payment class in setting COI rates and that considering all the other factors defendant admits it considered was a breach of contract.

　　Under Illinois law, which the parties agree governs this case, undefined contract terms are generally given "their 'plain, ordinary, and popular meaning' as found in dictionary definitions." Hess v. Kanoksi, No. 11-1850, 2012 WL 310866, *4 (7th Cir. Feb. 2, 2012) (applying Illinois law). The verb "base" or "based" (sometimes used with "on" or "upon") is defined to mean "to use as a base or basis for." Webster's Third Int'l Dictionary 180 (1986). The noun "base" is defined as "the bottom of something considered as its support," "that on which something rests or stands,"

"the fundamental part of something" or "basic principle." Id. "Basis" is defined as "the bottom of anything considered as a foundation for the parts above," "the principle component of anything," or a "fundamental ingredient." Id. at 181. Applying these dictionary definitions, "based on the insured's sex, issue age, policy year, and payment class" means those factors are the foundation, principal components, or fundamental ingredients of the COI rates but not the exclusive factors to be considered in setting those rates. They are the starting point.[1]

In addition to stating "[t]he cost of insurance rate is based on the insured's sex, issue age, policy year, and payment class" the contract provides "[t]he rates will be determined by us, but they will never be more than the guaranteed rates shown on Page 5." In Baymiller v. Guarantee Mutual Life Co., No. SA CV 99-1566, 2000 WL 1026565 (C.D. Cal. May 3, 2000), the insurance policy provided "[t]he cost of insurance rates . . . is based on the sex, attained age and rating class of the insured" and stated that "[t]he guaranteed cost of insurance rates are shown in the Table . . . . The Company may use cost of insurance rates that are lower than the guaranteed rates." The court found this language gave the insurer "discretion to consider more than Plaintiff's sex, age and rating class." Id. at * 2. The court noted the plaintiffs did not allege they were "ever charged insurance rates above the maximum permitted by the policy." Id.

In Coffman v. Pruco Life Ins. Co., No. 10 CV 03663, 2011 WL 4550152 (D. N.J. Sept. 29, 2011), the policy identified "the following adjustments that are subtracted from the Contract Fund each policy month: 'a monthly charge for the expected cost of mortality;' a 'sales expense;' 'administrative expenses;' a charge 'to guarantee that the insurance amount will not fall below the face amount;' any charge for 'extra rating class' or 'extra benefits;' and any applicable taxes." Id. at *1. The policy provided a maximum rate for the expected cost of mortality but Pruco had discretion to charge less than the maximum. Id. Coffman alleged that Pruco "impermissibly included amounts for expenses, taxes, and/or profits when calculating the charge for expected mortality, thereby breaching the [contract.]" Id. The court found Pruco had not breached the contract. The policy provided a maximum rate for the expected cost of mortality but Pruco had discretion to charge less than the maximum. The court found that so long as Pruco did not exceed the maximum monthly rate, the policy did not dictate how much less than the maximum monthly rate Pruco could charge or what factors must be considered in making such a determination. Id. at * 3. Accordingly, Pruco's use of expenses, taxes, and/or profits in calculating the charge was found acceptable under the contract.

Here, the contract provides that the COI rates will be set by defendant but that the guaranteed rates set forth in the contract will never be exceeded. These rates were never exceeded. In fact, the COI rate scale remained the same on plaintiff's policy from day one. So long as the rates remained below the guaranteed rates, defendant had discretion in setting those rates under the policy. Defendant did not breach the contract by considering the factors it considered in setting the COI rate of plaintiff's policy at the time of its issuance or by retaining that rate scale over the course of the policy's life.

Plaintiff argues to the contrary that "based on the insured's sex, issue age, policy year, and payment class" unambiguously means that only the listed factors may be considered and that the language concerning guaranteed rates does not affect this view. Plaintiff contends Lee v. Allstate Life Ins. Co., 838 N.E.2d 15, 24 (Ill. App. 2005) supports this conclusion.

Lee dealt with a class certification question. Allstate argued the class should not be certified because individual extrinsic evidence would be needed to determine the meaning of that policy's language ("cost of insurance is based upon the insured's sex, age, and payment class"). The court rejected this as a reason to deny class certification stating "[i]t is clear that, contrary to Allstate's arguments, no party to this litigation claims an ambiguity exists, as each party asserts that the policy language clearly and unambiguously mandates that party's desired result." Id. In discussing the parties' arguments on this question the court stated: "Allstate asserts that the COI rates may also depend on expenses, taxes, and profits. Plaintiffs would argue that, if Allstate wanted to include such items in calculating its COI rates, the policy language could have said so in a straightforward manner. However, a presumption exists against provisions that easily could have been included in the contract but were not." Id. (internal quotation marks and citation omitted). Plaintiff reads the last sentence as a determination by the Lee court that expenses, taxes, and profits must be excluded as factors in setting COI rates under the Allstate policy. However, this language appears to be part of the recitation of the Lee plaintiff's position rather than a construction of the contract language by the court. At any rate, it was not essential to the court's holding on the class certification issue that extrinsic evidence was unnecessary because each party claimed the contract unambiguously supported it's own position.

Plaintiff also relies on Yue v. Conseco Life Ins. Co., No. CV 08-1506, 2011 WL 210943 (C.D. Cal. Jan. 19,

## STATEMENT - OPINION

2011) and Jeanes v. Allied Life Ins. Co., 168 F. Supp. 2d 958 (S.D. Iowa 2001). The Yue policy provided "current monthly cost of insurance rates will be determined by the Company based on its expectation as to future mortality experience." Yue, 2011 WL 210943 at * 8. The Jeanes policy provided that "monthly cost of insurance rates will be determined by us based on our expectations as to future mortality experience." Jeanes, 168 F. Supp. 2d at 973. While neither Yue nor Jeanes analyzed the meaning of "based on," both found the insurer breached its contract when it considered factors other than its "expectation of future mortality" in raising its COI rates, thus assuming without discussion that "based on" meant "solely based on" in the provisions at issue in those cases. Yue, 2011 WL 210943 at * 8; Jeanes, 168 F. Supp. 2d at 974.

Defendant argues these cases are distinguishable because they deal with raising rates in currently in-force policies rather than setting initial rates as in the case at bar. While this is indeed a distinction, the court is not sure it is a significant one. More significant is the fact the courts in Yue and Jeanes did not discuss, nor do they appear to have been asked to determine, the meaning of "based on." To the extent Yue and Jeanes deem "based on" to mean "solely based on," the court declines to adopt their view.[2]

Because the court finds the contract language, given its, plain and ordinary meaning, resolves this case, resort to extrinsic evidence is unnecessary. This renders defendant's motion [139] to strike the testimony of Deborah Senn and Christopher Hause moot.

For the foregoing reasons, defendant's motion [60] for summary judgment is granted. Defendant's motion to strike [139] is denied as moot.

---

1. "In the context of statutory interpretation, courts have held that the plain meaning of 'based on' is synonymous with 'arising from' and ordinarily refers to a 'starting point' or a 'foundation.'" McDaniel v. Chevron Corp., 203 F.3d 1099, 1111 (9th Cir. 2000) (collecting cases).

2. Plaintiff also relies on an unpublished opinion, Alleman v. State Farm life Ins. Co., 334 Fed. Appx. 470, 2009 WL 1833604 (3rd Cir. Jun. 26, 2009). Alleman dealt with a claim the insurer was required to charge a lower rate on policies for non-smoking juveniles than for smoking juveniles because the application required the applicant to answer a question whether the juvenile was a smoker or non-smoker. Alleman held that questions on an application are not a representation by the insurer that it will use the answer to any particular questions in setting the premium. Alleman, 2009 WL 1833604 at * 3. The policies provided that "guaranteed values are based on the insured's age last birthday and sex." Id. at * 2. The court stated '[b]y the plain language of these policies, it is clear that the insureds' age and sex are the only mortality factors relevant to the rate that the insureds received under the policies." Id. To the extent this is a determination that "based on" means "solely based on," the court declines to follow this interpretation in the case at bar.