Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2233 | **DATE** | 3/20/2012 |
| **CASE TITLE** | Norem vs. Lincoln Benefit Life Co. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, plaintiff's motion to certify a class is denied without prejudice.

*Philip G. Reinhard*

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT - OPINION

Plaintiff, Dennis G. Norem, M.D. brings this putative class action on behalf of himself and all other similarly situated against defendant Lincoln Benefit Life Co. Plaintiff alleges defendant breached the terms of an insurance policy it sold him by including costs in calculating the cost of insurance rates ("COI") for the policy beyond the costs allowed to be included in the COI rates by the policy language. Jurisdiction is premised on 28 U.S.C. § 1332 (d)(2). Plaintiff moves to certify a class.

By separate order, the court granted defendant's motion for summary judgment against the named plaintiff. "A decision that the claim of the named plaintiffs lacks merit ordinarily, though not invariably, disqualifies the named plaintiffs as proper class representatives. The effect is to moot the question whether to certify the suit as a class action unless the lawyers for the class manage to find another representative." Wiesmueller v. Kosobucki, 513 F.3d 784, 786 (7th Cir. 2008), citing, Cowen v. Bank United of Texas, FSB, 70 F.3d 937 (7th Cir. 1995). Since the grounds on which the court granted defendant summary judgment would appear to apply equally to any other member of the class, it appears unlikely a proper representative can be found. See Cowen, 70 F.3d at 941. Proceeding on the question of certifying a class after a decision on the merits adverse to the named plaintiff, creates claim preclusion hazards for class members. See Randall v. Rolls-Royce Corp., 637 F.3d 818, 820-21 (7th Cir. 2011).

For the foregoing reasons, plaintiff's motion to certify a class is denied without prejudice. Plaintiff's counsel may move, within 28 days of the entry of this order, to renew the motion for class certification either with a new class representative or by presenting an argument as to why Dr. Norem remains a proper class representative despite the grant of summary judgment against him. Plaintiff's counsel may also notify the court within that time frame that they wish to withdraw the motion for class certification and the court will grant the withdrawal and vacate this order denying the motion.